# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PETER GAKUBA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-cv-668-NJR |
| | ) | |
| | ) | |
| CATHERINE WRIGHT, JOHN | ) | |
| BARWICK, MATTHEW SWELLS, | ) | |
| TERRY GRISSOM, JOHN/JANE DOE | ) | |
| #1 ROBINSON, IL property manager, | ) | |
| JOHN BROOKHART, CAMILE | ) | |
| LINDSAY, and ROBERT FANNING, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Peter Gakuba, a former inmate of the Illinois Department of Corrections ("IDOC"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He filed a Complaint (Doc. 3) pursuant to Section 1983 as well as a motion to proceed *in forma pauperis* ("IFP") (Doc. 2). He also filed a motion to supplement (Doc. 1) in order to add a Civil Cover Sheet. That motion is **GRANTED**, and the Civil Cover Sheet will be considered with his Complaint. Because Gakuba is no longer incarcerated, his claims are not subject to review under 28 U.S.C. § 1915A. But because he seeks IFP status, his Complaint is subject to review under 28 U.S.C. § 1915(a)(1).

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a

1

statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Gakuba has done so in this case. But the Court's inquiry does not end there, because 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of the Complaint filed by an IFP plaintiff (those filed by prisoners and non-prisoners alike).

A court can deny a qualified plaintiff leave to file IFP or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a motion to proceed IFP, a district court should inquire into the merits of the plaintiff's claims, and if the court finds that the case lacks merit under the criteria listed in § 1915(e)(2)(B), it should deny leave to proceed IFP. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

## THE COMPLAINT

In his Complaint, Gakuba makes the following allegations:  On April 27, 2021, Gakuba was released from IDOC custody. In February 2021, prior to his release, Gakuba packed up his legal documents, research, correspondence, transcripts, and appeal records into 18 banker boxes and requested that they be mailed to his personal lawyer upon his release (Doc. 3, p. 5). He believes there were approximately 8,000 pages of court records and 6,000 pages of transcripts (*Id*. at p. 12). Catherine Wright was his point of contact with

IDOC for this purpose (*Id*. at p. 5). Wright informed Gakuba that Barwick and Grissom would not send the 18 banker boxes to his personal lawyer due to costs. Wright offered to have the boxes delivered to Gakuba's brother in Chicago, Illinois, or Gakuba was free to retrieve them himself from any prison in the state (*Id*. at p. 6). The estimated cost to deliver the boxes to Baltimore, Maryland, where Gakuba is paroled, was approximately at $1,200 (*Id*.). Gakuba's lawyer offered his FedEx and/or UPS account to be charged, but IDOC would only accept a money order. Gakuba was not provided his documents when he was paroled on April 27, 2021 (*Id*.).

After his parole, Gakuba and his lawyer spoke with former general counsel for IDOC Camile Lindsay on numerous occasions (*Id*.). She also offered to have the documents delivered to Gakuba's brother or have Gakuba pick the documents up, but he refused (*Id*.). She also offered to have the documents digitally scanned, which he also refused (*Id*. at pp. 6-7).

Gakuba first filed a state court action on March 15, 2022, but the case was dismissed (*Id*. at p. 8). Appeals of that case were also denied (*Id*.). He then filed the current case. Gakuba seeks immediate injunctive relief as he believes that the boxes will be destroyed on April 27, 2022 (*Id*.).[1]

---

[1] Gakuba originally stated that his documents would be destroyed by April 27, 2021, but that date has long since passed. This appears to be a typographical error as he seeks injunctive relief and alleges his documents are to be destroyed in the near future. In his prayer for relief, he later states that his documents will be destroyed by April 27, 2022 (Doc. 3, p. 13).

In addition to his current issues with his legal documents, Gakuba also takes issue with how his documents were previously treated while he was in IDOC custody. From May 2018 until September 2019, Gakuba was incarcerated at Robinson Correctional Center (*Id*. at p. 10). In September 2019, he was transferred to Vienna. Prior to his transfer, he packed 16 banker boxes of legal documents for transport. John Doe property manager informed Gakuba that his documents would be secured, but the lids to the boxes were not taped down. Upon on arriving at Vienna, Gakuba discovered that his documents were stomped on, a quarter of the documents were missing, and another quarter of the documents were damaged (*Id*.). Wright and Barwick were informed and documented the damage. Gakuba filed a lawsuit regarding the damaged documents, *Gakuba v. Wright*, Case No. 19-cv-1274-NJR (*Id*. at p. 11).

Gakuba sets forth the following counts in his Complaint (Doc. 3):

**Count 1:**     **Wright, Barwick, Swells, Grissom, John Doe, Brookhart, Lindsay, and Fanning denied Gakuba access to the courts and retaliated against Gakuba between September 2019 and May 28, 2021 when they lost and/or destroyed his legal documents during his 2019 prison transfer and refused to mail his documents upon his release in 2021, in violation of the First and Fourteenth Amendments.**

**Count 2:**     **Wright, Barwick, Swells, Grissom, John Doe, Brookhart, Lindsay, and Fanning violated Title VI of the Civil Rights Act between September 2019 and May 28, 2021 when they lost and/or destroyed his legal documents during his 2019 prison transfer and refused to mail his documents upon his release in 2021.**

**Count 3:**     **Wright, Barwick, Swells, Grissom, John Doe, Brookhart, Lindsay, and Fanning violated his Fourteenth Amendment rights when they lost and/or destroyed his documents during his 2019 prison transfer and refused to mail his documents upon his parole in 2021.**

Count 4:      **Wright, Barwick, Swells, Grissom, John Doe, Brookhart, Lindsay, and Fanning violated his First Amendment rights when they lost and/or destroyed his documents during his 2019 prison transfer and refused to mail his documents upon his parole in 2021 out of retaliation for pending lawsuits against Defendants and other co-conspirators.**

Count 5:      **42 U.S.C. § 1985 conspiracy claim against all Defendants for the destruction of his documents and refusal to mail his documents upon his parole.**

Count 6:      **State law illegal tort conversion claim against all Defendants.**

Count 7:      **State law gross negligence claim against all Defendants.**

Count 8:      **Fourteenth Amendment spoilation of evidence claim against Defendants for losing and/or destroying photos of the destruction of his documents in 2019.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the** *Twombly* **pleading standard.**[2]

## PRELIMINARY DISMISSALS

The Court first notes that Counts 3 and 4 appear to be duplicative of Count 1 and are **DISMISSED without prejudice**.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Gakuba also fails to state a claim against Swells. Although listed as a defendant, Gakuba merely alleges that he was prison warden at Vienna until 2020. There are no allegations that he interacted with Gakuba or violated his rights in any way. All claims against Swells are **DISMISSED without prejudice**.

Further, to the extent that Gakuba alleges claims against Defendants for the destruction or loss of documents during his September 2019 transfer to Vienna, those claims are barred by the statute of limitations. For claims brought under Section 1983 (Counts 1 and 8), the applicable statute of limitations is two years. *Draper v. Martin*, 664 F.3d 1110, 1113 (7th Cir. 2011) ("In Illinois, the statute of limitations period for [Section] 1983 claims is two years."); 735 ILCS 5/13-201. Thus, the statute of limitations has long since run on his claims regarding his September 2019 transfer.

Gakuba tries to avoid the statute of limitations by arguing that there was a vast conspiracy among Defendants to continually deny him access to documents from 2019 until his release. At minimum, to present a claim for a conspiracy, a plaintiff must "demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 304-05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (citation omitted). Other than stating that Defendants acted "in conspiracy" and "in further conspiracy," he fails to allege any facts that would suggest a meeting of the minds among the various Defendants. This is especially true given that the claim related to his

September 2019 transfer is clearly unrelated to his claim regarding the transfer of his documents upon his release in April 2021. Thus, Gakuba fails to state a claim against all Defendants for the destruction of his papers in 2019. Similarly, Gakuba's Count 8 Fourteenth Amendment claim regarding the lost photographs of the 2019 destroyed documents is barred by the statute of limitations and is also **DISMISSED without prejudice**. Because Brookhart and John Doe #1 did not participate in the transfer of his documents upon Gakuba's release from IDOC custody, they are **DISMISSED** from the case without prejudice.

Gakuba also attempts to bring claims against two IDOC attorneys, Camille Lindsay and Robert Fanning. He alleges they "failed to play it straight" with him about whether his documents would be mailed to him. Other than relaying information from their clients, there is no indication that the attorneys themselves violated Gakuba's rights. Thus, Lindsay and Fanning are also **DISMISSED without prejudice**.

REMAINING COUNTS

**Count 1**

Gakuba alleges that Wright, Barwick, and Grissom denied him access to the courts and retaliated against him by refusing to send his legal boxes to him after he was released from prison. To the extent he alleges that their actions have denied him access to the courts, "the mere denial of access to … legal materials is not itself a violation of a prisoner's rights; his right is to access the courts, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965,

7

968 (7th Cir. 2006)(emphasis omitted). To state a claim, a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted). This requires a plaintiff to identify the underlying claim that was lost. *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007). Gakuba alleges that prior to his release, Wright, Barwick, and Grissom refused to mail his materials to his lawyer due to cost and offered alternatives to obtaining his documents. He alleges his inability to obtain his documents is currently hindering his ability to prosecute his pending state and federal lawsuits, but he fails to point to any deadline that he has missed or any suit that he has lost as a result of not being able to obtain his boxes in a timely fashion. Thus, he fails to state an access to courts claim.

Gakuba also maintains that the failure to mail his legal boxes violates his rights because it is required by law. He points to 20 Ill. Admin. Code § 525.130(a) to support his position. But the violation of a state administrative code does not amount to a constitutional violation. *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001). Further, nothing in Section 525.130(a) requires that Gakuba's entire legal materials be sent to an outside lawyer free of charge. Section 525.130(a) provides:

> Offenders shall be permitted to send privileged and non-privileged letters at their own expense. Offenders with insufficient money in their trust fund accounts to purchase postage shall be permitted to send reasonable amounts of legal mail and mail to clerks of any court or the Illinois Court of Claims, to certified court reporters, to the Administrative Review Board, and to the Prisoner Review Board at State expense if they attach signed

> money vouchers authorizing deductions of future funds to cover the cost of
> the postage.

20 Ill. Admin. Code § 525.130(a). Nothing in the administrative code requires IDOC to send Gakuba's entire files he accumulated throughout his incarceration to his desired location free of charge. In his motion for injunctive relief, Gakuba points to *Owens v. Evans*, 878 F.3d 559, 564 (7th Cir. 2017), to support his claim. In *Owens*, the Seventh Circuit noted that the definition of legal mail under this section of the administrative code, for which postage should be advanced, was limited in such a way that it could impinge upon an inmate's ability to litigate a case. *Id*. at 564. But the Seventh Circuit ultimately found that the claims were barred by the statute of limitations and noted that the plaintiff failed to indicate that he suffered any actual injury. *Id*. Here, Gakuba also fails to allege that he suffered any injury as a result of the documents being delayed.

Finally, Gakuba alleges that Defendants' failure to send his documents upon his release amount to retaliation, in violation of the First Amendment. Gakuba notes that he has several federal lawsuits pending against some of the defendants, their co-workers, and unnamed co-conspirators. But nothing in his Complaint alleges that Defendants are refusing to send his documents out of retaliation. Instead, his Complaint makes clear that there is a dispute over who is required to pay the postage to mail the documents.

**Count 2**

As to Gakuba's Title VI claim, Title VI of the Civil Rights Act prohibits discrimination on the basis of race by a recipient of federal funds:

> No person in the United States shall, on the ground of race, color, or
> national origin, be excluded from participation in, be denied the benefits of,

or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d.

To prevail on this claim, Gakuba must plead and prove intentional discrimination. *See Guardians Ass'n v. Civil Serv. Comm'n of New York City*, 463 U.S. 582, 593 (1983). Here, Gakuba has not alleged intentional discrimination. Instead, he merely notes that he is black and Defendants are white. Thus, his Title VI claim fails to state a claim.

**Count 5**

Gakuba purports to bring his Section 1985 conspiracy claim under Section 1985(3). This section prohibits conspiracies to deprive a person of equal protection under the law where the conspiracy is motivated by "racial or other class-based discriminatory animus." *Smith v. Gomez*, 550 F. 3d 613, 617 (7th Cir. 2008). Further, "the function of a conspiracy claim under 42 U.S.C. § 1985(3) is to 'permit recovery from a private actor who has conspired with state actors.'" *Turley v. Rednour,* 729 F.3d 645, 649 n.2 (7th Cir.2013) (quoting *Fairley v. Andrews,* 578 F.3d 518, 526 (7th Cir.2009)). Here, Defendants are all state actors. Gakuba also fails to allege that he was subjected to racial discrimination; instead, he merely alleges that he is black and Defendants are white. But he offers no evidence to suggest that the refusal to send his documents are due to his race. Thus, Count 5 is **DISMISSED without prejudice**.

**Counts 6 and 7**

Gakuba also seeks to allege state common law claims of illegal tort conversion and gross negligence. But he offers no allegations to state such claims, other than to state that

their actions amounted to "illegal tort conversion" and "gross negligence." This is not enough. Thus, Counts 6 and 7 are **DISMISSED without prejudice**.

Accordingly, Gakuba's Complaint, in its entirety, is **DISMISSED without prejudice**. Because his claims lack merit, his motion to proceed *in forma pauperis* (Doc. 2) is also **DENIED**.

## Pending Motions

In addition to his Complaint, Gakuba has also filed a sealed motion for temporary restraining order, preliminary injunction, and permanent injunction (Doc. 5). Gakuba alleges that his document boxes will be destroyed on April 27, 2022. But Gakuba fails to state a claim in his Complaint, thus his motion for injunctive relief is **DENIED** as moot.

Further, the Court notes that Gakuba provides no evidence to support his claim that the documents will be destroyed in the coming weeks. Further, he has been provided with various options by IDOC to obtain his documents. He acknowledges that IDOC attorneys have indicated that they are willing to work with him to obtain his documents. Thus, Gakuba has not met the requirements for injunctive relief. *Planned Parenthood v. Commissioner of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012).

## Disposition

Accordingly, the Complaint is **DISMISSED without prejudice**. Gakuba will have an opportunity to file a First Amended Complaint if he wishes to pursue his claims. If he chooses to do so, Gakuba must comply with the instructions and deadlines set forth below. His motion to proceed IFP is also **DENIED**, but he may renew his request if he chooses to file an Amended Complaint.

For the reasons stated above, Gakuba's Complaint is **DISMISSED without prejudice**. He is **GRANTED** leave to file a "First Amended Complaint" on or before **May 4, 2022**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Gakuba must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

　　　　**IT IS SO ORDERED.**

　　　　**DATED:  April 6, 2022**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**