IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PETER GAKUBA,** | |
| Plaintiff, | |
| v. | Case No. 3:22-cv-00668-NJR |
| **CATHERINE WRIGHT, JOHN BARWICK, and TERRY GRISSOM,** | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is Plaintiff Peter Gakuba's Motion for Leave to File a Second Amended Complaint.[1] (Doc. 53). Defendants responded in opposition to the motion. (Doc. 56). For the reasons set forth below, the motion is denied.

Gakuba initiated this action on April 4, 2022. (Docs. 1-4). The Court dismissed his initial complaint without prejudice. (Doc. 13). Gakuba then filed an Amended Complaint (Doc. 14), which the Court reviewed allowing three claims against three defendants—Catherine Wright, John Barwick, and Terry Grissom—to proceed, severing claims against two defendants into a new case, and dismissing all other claims without prejudice. (Doc. 16). While screening the merits of the Amended Complaint, the Court permitted Gakuba to proceed with his First and/or Fourteenth Amendment access to the courts claim for denied access to his legal boxes upon his release from prison in April

---

[1] Plaintiff Gakuba is now under a filing ban within all courts in the Seventh Circuit, but he filed the present motion before the ban.

2021 (Count 1), his First Amendment retaliation claim for denied access to his legal boxes upon his release from prison in 2021 (Count 4), and his Section 1983 claim of supervisory liability for facilitating, approving, or condoning a pattern and practice of misconduct (Count 10). (*Id.*).

The Court dismissed his claims under Title VI of the Civil Rights Act (Count 2) for failure to state a claim of intentional discrimination and his Fourteenth Amendment claim for abuse of process (Count 3) for failure to plead a constitutional violation as opposed to a violation of state law. Further, the Court dismissed his Illinois state law claims of conspiracy, illegal tort conversion, gross negligence, intentional infliction of emotional distress, and indemnification (Counts 5, 6, 7, 9, 11) because he supported these claims with only conclusory statements. The Court severed Gakuba's claims against John Brookhart and John Doe #1 for an incident that occurred in 2019 regarding the destruction of his property, independent of his claims that he was denied access to his legal boxes upon his release in 2021. Gakuba also attempted to bring claims against two IDOC attorneys, Camile Lindsay and Robert Fanning, alleging they "failed to play it straight" with him about whether his documents would be mailed to him. But the Court dismissed those claims as his allegations offered no support that either Lindsay or Fanning violated his constitutional rights. Lastly, Defendant Matthew Swells was dismissed without prejudice because he retired in 2020, well before Gakuba packed his boxes for his 2021 release, and Gakuba made no indication that Swells participated in the refusal to mail his legal documents.

Now, Gakuba seeks leave to file a Second Amended Complaint. Under Federal

Rule of Civil Procedure 15(a), a court "should freely give leave [to amend] when justice so requires." But "leave to amend is not automatically granted, and may be properly denied at the district court's discretion." *Crest Hill Land Development, LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005). District courts enjoy broad discretion "to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

Gakuba's proposed amended complaint attempts to reinstate all claims and defendants previously dismissed by the Court, along with adding three new defendants—Kam Shick, John Doe #2, and Robert Carwile—to all counts, and asserting a new count for "False Affidavits" in violation of the Fourteenth Amendment (Count 12) against all defendants. While Gakuba added a fact section at the beginning of his revised complaint, the added facts restate information already present in the remainder of his complaint. The rest of his proposed complaint is almost an exact replica of his First Amended Complaint. The same issues the Court previously identified in dismissing his claims also exist in this new version. Gakuba failed to add any substantive allegations to state a claim or allege a constitutional violation for Counts 2 or 3. He also failed to include any non-conclusory factual allegations to support his state law claims in Counts 5, 6, 7, 9, or 11. Again, he raises claims rooted in a separate incident in 2019 against Defendants John Doe #1 and John Brookhart, which were already severed by this Court. Moreover, Gakuba failed to allege any new facts as to how previously dismissed defendants, Camile Lindsay, Robert Fanning, or Matthew Swells, acted in a way that

violated his constitutional rights. While the Court dismissed these claims and defendants without prejudice, Gakuba made no alterations to his complaint to cure the deficiencies previously identified by the Court.

Further, Gakuba failed to state a claim of constitutional violation in Count 12 for falsifying affidavits under the Fourteenth Amendment. He raises this new count to attack the content of an affidavit filed with the Court during the pendency of this action, and to allege that defendants made false statements regarding his efforts in state court to retrieve his legal documents. These alleged lies or falsehoods cannot conceivably be connected to a violation of Gakuba's Fourteenth Amendment rights.

While the Federal Rules of Civil Procedure encourage free amendment when justice so requires, the Court finds that Gakuba's proposed amendments fail to cure the deficiencies already outlined by the Court at merit review. Allowing such an amendment would also be futile as the proposed complaint lacks new substantive content or support for the dismissed claims. The Court would be left to dismiss those claims for the exact reasons as before. Permitting an amendment as to Count 12 is also futile for the reasons explained above.

Accordingly, the Court **DENIES** Gakuba's Motion for Leave to File a Second Amended Complaint (Doc. 53).

**IT IS SO ORDERED.**

DATED: November 30, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**